UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00465-RJC
(CRIMINAL CASE NO. 3:14-cr-00255-RJC-1)

| | |
|---|---|
| **DOMINIC XAVIER MCDONALD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On December 16, 2014, Petitioner Dominic Xavier McDonald ("Petitioner") was charged in a Bill of Indictment with fours counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 3: Bill of Indictment]. On March 13, 2015, Petitioner pleaded guilty "straight up" without a plea agreement to all four counts of the Indictment. [CR Doc. 17: Acceptance and Entry of Guilty Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 27: PSR]. The Government objected to the PSR, arguing that based on then controlling case law, Petitioner was an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4 based on his two prior convictions for second degree burglary in South Carolina and one prior conviction

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:18-cv-00465-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00255-RJC-1.

for robbery with a dangerous weapon in North Carolina. [CR Doc. 29].

After the Government's objections, the probation officer prepared a revised PSR. [CR Doc. 31: Revised PSR]. The probation officer agreed with the Government's position and recommended that Petitioner be subject to an enhanced sentence pursuant to U.S.S.G. § 4B1.4 due to his status as an armed career criminal under 18 U.S.C. § 924(e). Petitioner's criminal history category was found to be VI and his Total Offense Level (TOL) to be 31. [Id. at ¶¶ 34, 40, 54]. Petitioner's minimum statutory term of imprisonment was 15 years to life for each of the four counts. 18 U.S.C. §§ 922(g)(1), 924(e)(1). The resultant guidelines range for imprisonment based on a TOL of 31 and a criminal history category of VI was 188 to 235 months. [Id. at ¶¶ 86-87].

Petitioner's sentencing hearing was held on October 22, 2015. At the hearing, counsel for Petitioner argued extensively that Petitioner should not be considered an armed career criminal for sentencing purposes because the law in the Fourth Circuit regarding whether his two prior South Carolina convictions for second degree burglary were violent felonies, and therefore proper ACCA predicates, was "in flux." [CR Doc. 45 at 11: Sentencing Tr.; see id. at 14]. The Court found, however, that under United States v. Wright, 594 F.3d 259 (4th Cir. 2010), second degree burglary was squarely a crime of violence. [CR Doc. 45 at 16-17].

The Court sentenced Petitioner to a total term of imprisonment of 188 months on each of Counts One through Four to be served concurrently. [CR Doc. 45 at 39; CR Doc. 34 at 2: Judgment]. In so doing, the Court thoroughly reviewed the sentencing objectives of § 3553(a), providing in part as follows:

> [The sentence] takes into account the very serious nature of the underlying offenses; a series of gun sales usually involving break-ins to steal the guns in a short period of time; recently released from serving a supervised release revocation sentence. And that serious offense is the latest in a series of criminal activity involving the theft of guns, the theft of cars, robbery, burglary, that dates back to 2001

2

when the defendant was 14 years old and broke into the Hyatt Gun Shop to steal some guns. Continues forward with multiple convictions consolidated for sentencing for larceny of vehicles, possession of stolen vehicles, robbery with a weapon, conspiracy, for which the defendant received criminal history points for two of the four consolidated offenses, did a substantial amount of time in jail, got out, was soon thereafter charged in federal court for felon in possession of a firearm, did another substantial sentence, violated supervised release, was sentenced on that violation, and shortly after that committed – shortly after release on that offense, on that supervised release revocation, committed the instance offense.

And so the sentence of 188 months, primarily dictated by the need to deter criminal conduct and protect the public from further crimes of the defendant, takes into consideration the arguments of counsel concerning the difficult childhood, the mental state and other arguments in an attempt to explain this criminal conduct. I've also taken into account the heartfelt sentiments of Mr. McDonald's sister.

But the Court is firmly convinced, based upon this record, based upon the evidence before it, based upon the conduct of Mr. McDonald subsequent to his arrest on these charges, that a lengthy sentence is necessary to accomplish the 3553(a) factors.

The Court has found that the armed career criminal enhancement is applicable and 188 months is the bottom end of the advisory range as a result of that finding.

Had the Court not made an Armed Career Criminal Act finding, the defendant's range would have been based upon an offense level 29, criminal history category V, for 140 to 175 months. An alternative way of arriving at the conclusion the Court has at 188 months is sufficient but not greater than necessary, would be to vary or depart one criminal history category from V to VI and a range of 151 to 188 months. Had the Court not found that the Armed Career Criminal Act enhancement applied, the Court would have done just that….

The Court believes that 4A1.3 is applicable, and would have varied one criminal history category to accomplish the purposes of sentencing pursuant to 4 A1.3. Would have alternatively varied from that advisory range one criminal history category to accomplish the purposes of sentencing set forth in 3553(a) of protection of the public and deterring of criminal conduct.

[CR Doc. 45 at 40-42]. At the time of Petitioner's sentencing, this Court reasoned that, under then prevailing Fourth Circuit law, South Carolina second-degree burglary fell within the ACCA's list of prior offenses that counted as predicate felonies.[2] United States v. McDonald, 850 F.3d 640, 642 (4th Cir. 2017) (citing CR Doc. 45 (citing United States v. Wright, 594 F.3d 259, 266 (4th Cir. 2010))). Judgment on Petitioner's conviction was entered on October 26, 2015. [CR Doc. 34]. Then, just days after Petitioner's sentencing, the Fourth Circuit held that prior South Carolina convictions of nonviolent second-degree burglary cannot serve as predicates for enhancement under the ACCA. United States v. McLeod, 808 F.3d 972, 976-77 (4th Cir. 2015).

Petitioner timely appealed his sentence to the Fourth Circuit Court of Appeals, arguing this Court erred in sentencing him under the ACCA. [CR Doc. 36; CR Doc. 46 at 5]. In its published opinion, the Fourth Circuit noted application of the "assumed error harmlessness" inquiry under which it is unnecessary to vacate a sentence if the Court can determine from the record that the asserted error is harmless. McDonald, 850 F.3d at 643. To apply this standard, the Fourth Circuit required "(1) knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way and (2) a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." Id. (citation omitted). In performing harmless-error review, an appellate court can assume the sentencing error occurred and go on to examine whether the error affected the sentence imposed. Id.

After reviewing the record in Petitioner's criminal proceedings, as summarized above, the Fourth Circuit unequivocally found that this Court "would have given [Petitioner] the same sentence absent application of the ACCA." Id. at 644. "The district court noted that, had it not

---

[2] The Court also noted that, even if it had found that Petitioner was not an armed career criminal, the statutory maximum for each count of conviction would be 10 years and the Court could theoretically order that those terms be served consecutively, giving Petitioner a total term of imprisonment of 40 years. [CR Doc. 45 at 6, 18-19].

applied the ACCA, it would have arrived at the same 188-month sentence because it would have given [Petitioner] an above-Guidelines sentence through an upward variance in his criminal history category. The district court then recalculated [Petitioner's] alternate sentence without the ACCA." Id. As for the second harmless-error standard requirement, the Fourth Circuit concluded that Petitioner's sentence was substantively reasonable because this Court "adequately explained its sentence as necessary under § 3553(a)." Id. The Fourth Circuit held, therefore, that any alleged guidelines calculation error was harmless and affirmed Petitioner's 188-month sentence. Id.

On August 24, 2018, Petitioner filed his Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner argues that (1) "[t]he Government concede[d] [on appeal that Petitioner] was erroneously sentenced under ACCA because he only has one predicate in light of McLeod and Johnson;" (2) that Petitioner could not have received "the same 188 month sentence in light of Del Carmen Gomez due to two more additional enhancement errors" at sentencing; (3) that Petitioner "should not have been compared to Shrader," who has a "very violent criminal history," in examining Petitioner's one remaining violent felony;[3] and (4) that Petitioner's counsel was "ineffective for not challenging the appeal courts same sentence standard" after Johnson, where a defendant is found not to have three ACCA predicates. [CV Doc. 1 at 4-8]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. The Government responded [CV Doc. 5] and Petitioner replied [CV Doc. 6]. Also pending before the Court is Petitioner's pro se motion to expedite. [CV Doc. 8].

This matter is now ripe for disposition.

---

[3] As far as the Court can tell, Petitioner's Shrader argument relates to the Fourth Circuit's invocation of United States v. Shrader, 675 F.3d 300 (4th Cir. 2012), relative to its holding that, "because the transcript makes eminently clear that the district court would have imposed an upward departure to produce the 188-month sentence necessary to effectuate the sentencing intent," the Court need not address the propriety of an ACCA enhancement. In addition to Petitioner's argument being wholly without merit, Section 2255 is not a vessel for direct review of alleged errors on appeal. The Court will not further address this issue.

5

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Court groups Petitioner's asserted grounds for relief into two claims, one for sentencing relief based on improper ACCA enhancement and other alleged guideline calculation errors and one based on ineffective assistance of counsel on appeal.

### A. Sentencing Relief

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, … or that the sentence was in excess of the maximum imposed by law…." 28 U.S.C. § 2255(a).

Petitioner believes he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015), and McLeod. In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum

term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Petitioner contends that his sentence was improperly enhanced under the ACCA and that his sentence should be vacated. Petitioner is not entitled to the relief he seeks. Petitioner is not entitled to a sentence reduction under Section 2255 based on issues that have already been determined on direct appeal. United States v. Walker, 299 Fed. App'x 273, 276 (4th Cir. 2008) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal."); see Kaufman v. United States, 394 U.S. 217, 227 n. 8 (1969). Here, the Fourth Circuit rejected Petitioner's argument that his sentence was improperly enhanced because his prior convictions of South Carolina second degree burglary are not "violent felonies" under the ACCA, finding that any sentencing error that occurred was harmless because "the [sentencing hearing] transcript makes eminently clear that the district court would have imposed an upward departure to produce the 188-month sentence necessary to effectuate its sentencing intent." McDonald, 850 F.3d at 644, n. 3. Then, to satisfy the second harmless-error standard requirement, the Fourth Circuit found Petitioner's sentence substantively reasonable because this Court "adequately explained its sentence as necessary under § 3553(a)." Id. at 645.

Petitioner also argues that he could not have necessarily received the same 188-month sentence without application of the ACCA enhancement because the Court committed two other guidelines calculations errors at sentencing. The substance of these alleged errors is of no moment; the law is clear that Section 2255 relief is not available under the circumstances presented.

> The Supreme Court has interpreted [Section 2255] such that if the alleged sentencing error is neither constitutional nor jurisdictional,

7

> a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice. This standard is only satisfied when a court is presented with exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent. For the reasons that follow, we are constrained to decide that sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet this remarkably high bar.

United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (citations and internal quotation marks omitted).

As such, Petitioner is not entitled to relief under Section 2255 based on any alleged errors at sentencing.

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v.

8

Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Here, Petitioner argues that his attorney was constitutionally deficient on appeal for failing to challenge the Fourth Circuit's harmless error standard. The Petitioner's argument is without merit. The harmless error standard applied by the Fourth Circuit was well settled before Petitioner's appeal. See, e.g., United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir. 2014); United States v. Savillon-Matute, 636 F.3d 119, 124 (4th Cir. 2011). The panel hearing Petitioner's appeal was bound by that precedent. Norfolk & W. Ry. Co. v. U.S. Dep't of Labor, 5 F.3d 777, 779 (4th Cir. 1993). Petitioner, therefore, cannot establish that his attorney's performance fell below an objective standard of reasonableness, judged "from counsel's perspective at the time." Strickland, 466 U.S. at 689. Further, and significantly, Petitioner has not shown prejudice. There is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Namely, there is no reasonable probability that Petitioner would have prevailed on his appeal if his attorney had argued against application of the harmless error standard. See Smith v. Robbins 528 U.S. 259, 285 (2000).

Petitioner, therefore, is not entitled to relief under Section 2255 based on ineffective assistance of counsel.

The Court will, therefore, deny and dismiss Petitioner's Section 2255 Motion to Vacate.

**IV. CONCLUSION**

Having concluded that Petitioner is not entitled to relief, the Court will deny and dismiss Petitioner's Section 2255 Motion to Vacate.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) Petitioner's motion to expedite consideration of this matter [Doc. 8] is **DENIED** as moot.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge